UNITED STATES DISTRICT COURT
Eastern District of Virginia
Norfolk Division

Levent A. Tanir
c/o 420 Spring Maple Court
Chesapeake, Virginia [23320]
Non-Federal/Non-Domestic
Plaintiff ProSe
(757) 382-7899

---

| | |
|---|---|
| Levent A. Tanir, Plaintiff, | **COMPLAINT TO QUIET TITLE TO REAL PROPERTY** |
| v. | |
| WELLS FARGO HOME MORTGAGE, its agents, assignees and representatives, Defendants. | DOCKET NO. 2:10cv341 |

---

COMES NOW, Levent A. Tanir, Plaintiff, complains and for causes of action alleges as follows:

PARTIES

1. Plaintiff, Levent A. Tanir, is a natural person domiciling in the Chesapeake territory in the Virginia state commonwealth at all times herein mentioned.

2. Defendants, WELLS FARGO HOME MORTGAGE, *et al.*, at all times herein mentioned, is a Corporation organized and existing under the laws of its incorporation state, with it principle office located at 100 Blue Gentian Road, in the City of Saint Paul, MN 55121.

3. Plaintiff is ignorant of the true names and capacities of those agents, assignees and representatives addressed herein sued, inclusive, and therefore sues these defendants by such names.

4. Plaintiff will amend his complaint to allege their true names and capacities when ascertained.

JURISDICTION and VENUE

5. Jurisdiction is invoked under title 28 U.S.C. § 1251, providing that the "superior court shall have original jurisdiction this being a suit to quiet title.

6. Venue herein is proper under title 28 U.S.C. § 1391(b)(2),(c), which provides an action to be brought in the district and state where all of the defendant do business, hold a principal place of business and exercise their duties or functions, including all events giving rise to plaintiffs claims occurred in this judicial district.

7. Jurisdiction and venue is hereby placed and proper, pursuant to U.S. Const. Art. III § 2, the Constitution for the United state of America Republic.

CAUSE OF ACTION

8. On or about March 2010, the Plaintiff agreed to a Loan Modification reducing monthly payments to $2,000.66 from $2,239.19 due to economic hardships.

9. On or about April 2010, the Defendants without consent submitted a Loan Modification, making a material misrepresentation regarding when Plaintiff takes the "obligation" of the new contract, which I disputed, making several phone calls resulting in to the Defendants resulting in no assistance.

contract, which I disputed, making several phone calls resulting in to the Defendants resulting in no assistance.

10. On June 2, 2010, the Plaintiff sent express mail to the Defendants, a "debt" validation letter to prove up their claims, which the Plaintiff has a right to under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 (g) (4), the Validation of Debts, provides, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector".. see letter attached as *Exhibit A*.

11. Plaintiff is informed and believes, thereon alleges that the Defendants, at all times herein mentioned, that each of the defendants sued herein was and are the agent(s) and employee(s) of each of WELLS FARGO HOME MORTGAGE and was at all times acting within the purpose and scope of such agency and employment.

12. Plaintiff is and at all times herein mentioned, is the owner and entitled to possession of the property located at 420 Spring Maple Court, Chesapeake, Virginia 23320, see attached Deed recorded July 27, 1998 as *Exhibit B*.

13. On September 24, 2009, Defendants attorney Samuel I. White, P.C. advised the Plaintiff, "that the original note evidencing your indebtedness has been lost, misplaced or destroyed and is unavailable", including a statement which denoted some type of "ownership" over said "property", see attached as *Exhibit C*.

14. Plaintiff is informed and believes and thereupon alleges that WELLS FARGO HOME MORTGAGE, and each of them, claim an interest in the "property" adverse to Plaintiff and allegations herein.

15. The claim of said Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in said property due to the Defendants failure to respond to letter dated June 2, 2010, an admittance of a failure to prove indebtedness; FDCPA, 15 U.S.C. § 1692 (e) states that a "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes the "false representation of the character or legal status of any debt", which you, your agents, assignees or representatives are basing the above-referenced alleged "account", and your attempts or threats to take any action cannot be legally taken, as such false representations are deceptive practices.; "*Where the complaining party cannot prove the existence of the note, then there is no note.*" See *Pacific Concrete F.C.U. V. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001); "*Unequivocally the Court's rule is that in order to prove the "instrument", possession is mandatory.* See *Matter of Staff Mortg. & Inv. Corp.*, 550 F.2d 1228 (9th Cir 1977). "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee."

16. Plaintiff, therefore seeks, a declaration that the title to the subject property is vested in Plaintiff alone and that the Defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property, and that said defendant WELLS FORGO HOME MORTGAGE, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

WHEREFORE, Plaintiff seeks judgment against Defendant, and each of them, as follows:

1. For an order compelling said Defendant WELLS FARGO HOME MORTGAGE, and each of them, to transfer legal title and possession of the subject property to Plaintiff herein;
2. For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendant WELLS FARGO HOME MORTGAGE herein, and each of them, be declared to have no estate, right, title or interest in said property;
3. For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property;
4. For Compensatory damages in the amount of $44,548.97;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

## VERIFICATION

I, Levent A. Tanir, am a Pro Se indigent litigant, Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Chesapeake, Virginia Commonwealth.

_____
Levent A. Tanir

Dated: ~~7-13-2010~~   7-13-2010